## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| William Ellin,<br><br>        Plaintiff,<br><br>  – against–<br><br><br>Enhanced Recovery Company, LLC,<br><br>        Defendant. | Civil Action No.<br><br><br>**COMPLAINT** |

### COMPLAINT

Plaintiff, William Ellin (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendant, Enhanced Recovery Company, LLC, alleges as follows:

### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2.  Plaintiff, William Ellin, is an adult citizen of the State of Texas.

1

3.  Defendant, Enhanced Recovery Company, LLC ("ERC"), is a for profit business entity organized and existing under the law of Delaware that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256. The principal business purpose of ERC is the collection of debts using the mails and telephone, and ERC regularly attempts to collect debts alleged to be due to another.

4.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

7.  Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

8.  ERC attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Barclays Bank Delaware.

9.  The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

10. On or about March 4, 2016, Plaintiff and ERC, on behalf of Barclays Bank Delaware, entered into a settlement agreement for Plaintiff's Barclays account ending in 0357.  A copy of the settlement agreement is attached hereto as Exhibit A.

11. Pursuant to the terms of the aforementioned settlement agreement, Plaintiff was required to make twelve (12) monthly payments totaling $948.38 to settle and close his Barclays account.

12. Thus, Defendant acknowledged in writing that it had agreed to a settlement of Plaintiff's Barclays account ending in 0357, in consideration for the payments which Plaintiff would be required to make.

13. Via his debt settlement company, National Debt Relief ("NDR"), Plaintiff timely made the requisite monthly payments to a trust account which was set up for purposes of funding the settlement.

14. However, Defendant accepted and cashed only eight of the twelve payments. Proofs of these payments are attached hereto as Exhibit B.

15. Thereafter, on December 14, 2016, NDR contacted Defendant to resolve the payment discrepancy.  During that conversation, an ERC representative explained that ERC would not accept the final settlement payment.

16. Defendant's reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have acted in compliance with the FDCPA, but failed to do so.

18. Defendant failed to adequately review its actions to ensure compliance with the FDCPA.

19. At all times pertinent hereto, Defendant acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant.

20. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## <u>COUNT I</u>
(Breach of Contract)

21. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

22. Defendant acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration for the settlement payments, which Plaintiff would be required to make.

23. The settlement agreement constituted a legally binding contract.

24. Plaintiff timely made the requisite payments, in accordance with the settlement agreement.

25. Defendant accepted eight of the twelve payments and refused to accept the final four payments in accordance with the aforementioned settlement agreement.

26. Defendant's reneging on the settlement agreement with Plaintiff was a breach of contract.

27. As a result, Plaintiff has suffered actual and monetary damages.

4

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

28. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

29. Defendant owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered between Defendant and Plaintiff.

30. By way of the foregoing conduct, Defendant breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

31. Defendant has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

32. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

33. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

34. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

36. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

37. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

38. Defendant violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and which it intended to breach.

39. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of contract;

(b) That judgment be entered against Defendant for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*